IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RONALD WHITE,**

    Plaintiff,

v.                                                        Civil Action No. **3:08CV517**

**SHERIFF LANTEIGENE,** *et al.***,**

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

The Court must dismiss any action filed by a prisoner if the Court determines the action is "malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980

F.2d at 952. Nevertheless, the Court does not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (*quoting Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, however, the Supreme Court abandoned that notion and explained that, although the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). The Supreme Court made clear that, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing

claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Allegations

Plaintiff is a Virginia inmate currently confined in the Virginia Beach Correctional Center (hereinafter "the Jail"). Plaintiff was convicted of a felony on April 16, 2008. Plaintiff alleges that, because he is represented by an attorney, he has been denied the use of the library at the Jail. Plaintiff contends that the failure to allow him to use the law library to investigate his criminal case and monitor the performance of his public defender violates his Fourteenth Amendment right to reasonable access to "Books of Law." (Compl. at 4.) Plaintiff demands $100,000.00 and complete access to the Jail law library.

### Analysis

Inmates do not enjoy "an abstract, freestanding right to a law library." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, inmates have a constitutional right to reasonable access to the courts. *See id.*, 351-53. In order to plead a denial of access to the courts claim, a plaintiff must identify with specificity a non-frivolous legal claim that he was prevented from litigating by the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 353 n.3. Furthermore, an inmate cannot complain that he has been denied reasonable access to the courts with respect to a criminal action or appeal by virtue of an inadequate law library, when he is represented by counsel with respect to that criminal matter. *See Williams v. Halifax County Jail*, No. 88-7712, 1990 WL 135823, at *1 (4th Cir. Sept. 21, 1990); *Dooley v. Sprinkle*, No. 86-7270, 1987 WL 36677, at *1 (4th Cir. Mar. 6, 1987); *Battle v. Metts*, C/A No. 8:07-cv-466-

GRA-BHH, 2008 WL 2704870, at *6 (D.S.C. July 8, 2008). "Access to the courts, as defined by the Supreme Court, does not require inmate access to a law library when he is represented by counsel. The state satisfies its constitutional obligation to prisoners when it provides them with 'adequate law libraries *or* adequate assistance from persons trained in the law.'" *Williams*, 1990 WL 135823, at *1 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Accordingly, it is RECOMMENDED that Plaintiff's claim and the action be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing the complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what constitutional rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ MHL
M. Hannah Lauck
United States Magistrate Judge

Date: 12/17/08
Richmond, Virginia