

FILED
JAN 27 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD WHITE,

    Plaintiff,

v.                                    Civil Action No. 3:08CV517

SHERIFF LANTEIGNE, et al.,

    Defendants.

MEMORANDUM OPINION

Ronald White, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> **Preliminary Review**
> The Court must dismiss any action filed by a prisoner if the Court determines the action is "malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most

favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. Nevertheless, the Court does not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." Conley, 355 U.S. at 45-46. In Bell Atlantic Corp., however, the Supreme Court abandoned that notion and explained that, although the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). The Supreme Court made clear that, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. at 1965 (citation omitted), to one that is "plausible on its face," id. at 1974, rather than "conceivable." Id. Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Allegations

Plaintiff is a Virginia inmate currently confined in the Virginia Beach Correctional Center (hereinafter "the Jail"). Plaintiff was convicted of a felony on April 16, 2008. Plaintiff alleges that, because he is represented by an attorney, he has been denied the use of the library at the Jail. Plaintiff contends that the failure to allow him to use the law library to investigate his criminal case and monitor the performance of his public defender violates his Fourteenth Amendment right to reasonable access to "Books of Law." (Compl. at 4.) Plaintiff demands $100,000.00 and complete access to the Jail law library.

### Allegations

Inmates do not enjoy "an abstract, freestanding right to a law library." Lewis v. Casey, 518 U.S. 343, 351 (1996). Rather, inmates have a constitutional right to reasonable access to the courts. See id., 351-53. In order to plead a denial of access to the courts claim, a plaintiff must identify with specificity a non-frivolous legal claim that he was prevented from litigating by the defendants' actions. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 353 n.3. Furthermore, an inmate cannot complain that he has been denied reasonable access to the courts with respect to a criminal action or appeal by virtue of an inadequate law library, when he is represented by counsel with respect to that criminal matter. See Williams v. Halifax County Jail, No. 88-7712, 1990 WL 135823, at *1 (4th Cir. Sept. 21, 1990); Dooley v. Sprinkle, No. 86-7270, 1987 WL 36677, at *1 (4th Cir. Mar. 6, 1987); Battle v. Metts, C/A No. 8:07-cv-466-GRA-BHH, 2008 WL 2704870, at *6 (D.S.C. July 8, 2008). "Access to the courts, as defined by the Supreme Court, does not require inmate access to a law library when he is represented by counsel. The state satisfies its constitutional obligation to prisoners when it provides them with 'adequate law libraries or adequate assistance from persons trained in the law.'" Williams, 1990 WL 135823, at *1 (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). Accordingly, it is RECOMMENDED that Plaintiff's claim and the action be DISMISSED.

(Dec. 17, 2008 Report and Recommendation.) The Court advised White

that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. White has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005), cert. denied, 546 U.S. 1091 (2006).

## III. CONCLUSION

There being no objections and upon review of the record and the Report and Recommendation, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED. The

Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to White.

An appropriate Order will issue.

                                              /s/        _REP_
Robert E. Payne
Senior United States District Judge

Date: January 27, 2009
Richmond, Virginia